UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 14-CV-4729 (JFB) (AKT)
_____

AIDA LICO,

Plaintiff,

VERSUS

TD BANK, ET AL.,

Defendants.
_____

**MEMORANDUM AND ORDER**
June 1, 2015
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Aida Lico brings this action against TD Bank, Richard Catalano, Robert Bullock, and Cassandra Bardoo (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff's claims arise from her employment as a bank teller and customer service representative at the East Meadow branch of TD Bank in 2012, upon her return from maternity leave. Plaintiff alleges that TD Bank failed to provide her with an adequate space to express breast milk and did not permit her to take necessary lactation breaks during her work day. Additionally, plaintiff alleges that she was terminated because she made efforts to exercise her rights under the FLSA as a nursing mother.

Defendants filed a motion to dismiss plaintiff's first, second, and third causes of action on December 15, 2014. Defendants did not seek dismissal of the remainder of plaintiff's claims, which included her claim of retaliatory discharge. Plaintiff filed an opposition to that motion on February 1, 2015. Defendants filed a reply on February 17, 2015, and the Court heard oral argument on May 4, 2015. On May 20, 2015, the Court held a telephone conference, at which point the Court denied the motion to dismiss. The Court set forth its basis for denying the motion on the record, but notified the parties that a written opinion would follow. This memorandum and order addresses the Court's reasons for denying the motion to dismiss in its entirety.

I. BACKGROUND

The following facts are taken from the Amended Complaint, and are not findings of fact by the Court. Instead, the Court will assume these facts to be true and, for purposes of the motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

1

Plaintiff was an employee at the East Meadow Branch of T.D. Bank from September 2008 to May 2012. (Am. Compl. ¶ 49.) In December 2011, plaintiff gave birth to a child, and in March 2012, plaintiff returned to work from maternity leave. (*Id.* ¶¶ 53, 58.) At that time, plaintiff was actively nursing her infant child, and needed to use a breast pump at work to express milk. (*Id.* ¶ 59.) The Branch Assistant Manager informed plaintiff that she was permitted to take only two daily breaks to express milk, and that she was required to take her lactation breaks in the restroom. (*Id.* ¶¶ 65, 66.) Plaintiff objected to using the restroom, which she felt was unsanitary, and the manager directed her to use the mailroom instead. (*Id.* ¶¶ 67, 68.) The mailroom had no lock on its door, and plaintiff objected to using the mailroom as a lactation room, because it did not afford her any privacy. (*Id.* ¶¶ 68, 69.) Plaintiff's manager then directed her to use the safe-deposit room to express milk. (*Id.* ¶ 69.) Plaintiff asserts that neither the restroom, the mailroom, nor the safe-deposit room were sanitary, private, or otherwise adequate spaces for lactation breaks.

Plaintiff further alleges that, during this time period, almost every time she asked her manager for permission to take a nursing break, she was denied permission and instructed to perform additional assignments. At times, plaintiff was forced to wait as a long as five or six hours to express milk. (*Id.* ¶¶ 72-76.) The inability to take nursing breaks caused painful breast engorgement, and on several occasions, plaintiff's breast milk leaked out through her clothing in front of customers and co-workers. (*Id.* ¶¶ 77-78.) At some point, plaintiff began arriving late to work, traveling home during work, and leaving work early, so that she could nurse her child at home, instead of pumping breast milk at work. (*Id.* ¶ 83.) This caused her to miss work time. (*Id.* ¶ 88.) On May 23, 2012, the bank terminated plaintiff for "attendance issues." (*Id.* ¶ 91.)

II. MOTION TO DISMISS

A. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First, district courts must "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

B. Discussion

Defendants seek dismissal of the first, second, and third causes of action in the Amended Complaint, which assert claims under § 207(r) of the Fair Labor Standards Act. That section provides, in relevant part:

> (1) An employer shall provide--
>     (A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and
>     (B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

29 U.S.C. § 207(r). Defendants do not argue that the complaint fails to plausibly allege a violation of § 207(r). Instead, defendants argue that § 207(r) is not privately enforceable. In support of this argument, defendants cite *Salz v. Casey's Marketing Co.*, No. 11-CV-3055, 2012 U.S. Dist. LEXIS 100399 (N.D. Iowa July 19, 2012), in which a district court dismissed a claim under § 207(r). However, *Salz* does not stand for the proposition that an individual cannot bring suit for a violation of § 207(r), or that there can never be a private action under § 207(r). As the court in *Salz* observed, § 207(r) must be read in conjunction with the penalty provision of the FLSA, which states, in relevant part:

> (b) Any employer who violates the provisions of section 6 or section 7 of this act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b). Thus, the penalty provision explicitly provides a private right of action for all violations of Section Seven, which obviously includes § 207(r). The entitlement to a private right of action could not be more clearly stated in the provision. At the same time, however, § 216(b) limits the remedies available for violations of § 207(r), in that it only permits recovery of lost wages and overtime, liquidated damages, attorneys' fees, and costs. The ruling in *Salz* is not to the contrary; in that case, the plaintiff claimed that her workplace did not provide a space for her that was compliant with § 207(r), but she did not claim any lost wages caused by the violation. The court observed that "[s]ince employers are not required to compensate employees for time spent express milking, and Section 216(b) provides that enforcement of Section 207 is limited to unpaid wages, there does not appear to be a manner of enforcing the express breast milk provisions." *Salz*, 2012 U.S. Dist. LEXIS 100399, at *7. In making this observation, the court did not determine that § 207(r) was not privately enforceable as a matter of law. Instead, the court noted an enforcement

3

paradox: recovery under the statute is limited to lost wages, but an employer is not required to compensate nursing mothers for lactation breaks. As a result, it will often be the case that a violation of § 207(r) will not be enforceable, because it does not cause lost wages. As both parties acknowledge, the Department of Labor has adopted this view of the statute. In a "Request for Information from the Public," the Department of Labor took the following position with respect to this issue:

> Section 7(r) of the FLSA does not specify any penalties if an employer is found to have violated the break time for nursing mother's requirement. In most instances, an employee may only bring an action for unpaid minimum wages or unpaid overtime compensation and an additional equal amount of liquidated damages. Because employers are not required to compensate employees for break time to express breast milk, in most circumstances there will not be any unpaid minimum wage or overtime compensation associated with the failure to provide such breaks.

Department of Labor, "Reasonable Break Time for Nursing Mothers," 75 Fed. Reg. 80078 (Dec. 21, 2010) (citing 29 U.S.C. § 216(b)). Again, it bears emphasizing that this interpretation highlights a practical enforcement problem, and not a categorical bar to bringing suit. This interpretation does not mean that the statute is not privately enforceable as a matter of law. On the contrary, it is clear that a plaintiff may bring suit individually for a violation of § 207(r), but that she may only recover lost wages that are attributable to the § 207(r) violation. *See E.E.O.C. v. Vamco Sheet Metals, Inc.*, No. 13 Civ. 6088 (JPO) (JCF), 2014 U.S. Dist. LEXIS 77436, at *16 (S.D.N.Y. March 4, 2014) ("Even if there were a private cause of action to enforce § 207(r), [plaintiff] does not allege any lost compensation resulting from [defendant's] conduct. Private litigants seeking relief for violations of the FLSA's wage and overtime provisions are limited to recovery of unpaid minimum wages, overtime compensation, and an equal amount in liquidated damages."). To be clear, damages in a private suit under § 207(r) are limited to wages lost as a result of the employer's failure to provide an adequate space for lactation. The statute does not provide a private remedy for any other type of damages. For example, claims of discomfort or embarrassment caused by the inability to take a required nursing break are not compensable under the statute. Additionally, the statute does not permit injunctive relief. However, if an employee needed to take longer breaks in order to travel to appropriate areas to take a nursing break, and was docked pay as a result, those lost wages would be compensable in a private lawsuit. Although the plaintiff argues that the Constitution requires a broader remedy than the statute provides, the plaintiff has not brought a free-standing constitutional claim in this action, and the Court disagrees that the Constitution requires a broader remedy than Congress expressly provided. As was discussed at oral argument, the defendant here is not a state actor, and therefore there cannot be any constitutional dimensions to the allegations in the complaint, which arise exclusively from the conduct of a private employer. The fact that the Department of Labor is granted the authority to enforce 207(r) does not mean that state action is involved here.

Defendants argue, in the alternative, that plaintiff has failed to state a claim even if § 216(b) is interpreted in this manner, because she has not alleged that she lost wages as a

4

result of any violation of the requirements of § 207(r). The Court has reviewed the Amended Complaint, and concludes that plaintiff has plausibly alleged damages that are legally cognizable. In several sections of the Amended Complaint, plaintiff alleges that she missed time at work because she needed to travel home in order to express milk. (Am. Compl. ¶¶ 83-85, 88.) At oral argument, plaintiff elaborated upon these allegations, and provided the Court with a copy of the plaintiff's initial disclosures, which specifically seek compensation for 40.35 hours of wages lost "specifically because of Defendants' failure to comply with 29 U.S.C. 207(r) and discriminatory practices." Based upon the allegations in the amended complaint, the Court concludes that plaintiff has plausibly alleged a claim of compensable damages, consistent with the remedies permitted under § 216(b). Although some of the allegations of damages in the Amended Complaint may not ultimately be compensable, it is not the Court's role, in deciding a motion to dismiss, to make specific rulings with respect to the scope of damages available to the plaintiff. It is sufficient, for present purposes, that plaintiff has plausibly alleged a legally cognizable injury under § 207(r). Because the Court has determined that plaintiff has stated such a claim, the motion to dismiss is denied. For the same reasons, there is no basis for dismissing the putative collective action, because plaintiff's individual claims are actionable.

## IV. CONCLUSION

For the reasons set forth herein, the Court denies the motion to dismiss in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 1, 2015
        Central Islip, NY

\*   \*   \*

Plaintiff is represented by Steven John Moser, 3 School Street, Suite 207B, Glen Cove, NY 11542. Defendants are represented by David Fryman and Amy L. Bashore of Ballard Spahr LLP, 919 Third Avenue, 37th Floor, New York, NY 10022.